UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

IGNACIO PEREZ,

                             **Plaintiff,**

  vs.                                                    9:23-CV-185
                                                      (MAD/DJS)

**C.O. S. BOMBARD and JOHN DOES 1, 2,**

                             **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**IGNACIO PEREZ**
A042-603-407
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, Pennsylvania 16866
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**               **ALEXANDRA L. GALUS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     *Pro se* Plaintiff Ignacio Perez initiated this action through the filing of a complaint in the United States District Court for the Southern District of New York on January 27, 2023. *See* Dkt. No. 1. Plaintiff seeks to sue Corrections Officers S. Bombard, John Doe #1, and John Doe #2, Superintendent Cape Vincent, and A. Annucci for alleged violations of Plaintiff's Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See id.* Plaintiff alleges that Defendants hit him

1

in his head, neck, and face during a strip frisk, despite his compliance with Defendants' orders. *See id.* at 3. The case was transferred to this Court on February 9, 2023. *See* Dkt. No. 3.

After the Court received the case, it administratively closed the action because Plaintiff's application to proceed *in forma pauperis* was incomplete. *See* Dkt. No. 4. Plaintiff then submitted a complete application, and the case was reopened. *See* Dkt. Nos. 5, 6, 7. The Court performed an initial review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b) and allowed Plaintiff's excessive force and failure-to-intervene claims against Defendants Bombard, John Doe #1, and John Doe #2 to proceed, but dismissed all remaining claims without prejudice. *See* Dkt. No. 8. Defendant Bombard answered Plaintiff's complaint on May 30, 2024. *See* Dkt. Nos. 14, 15.

On July 28, 2023, Chief Judge Brenda K. Sannes stayed the case and referred it to the Court's Prisoner Mediation Program. *See* Dkt. No. 19. The stay was lifted on November 9, 2023, because Defendant did not have settlement authority. *See* Dkt. No. 21. On January 8, 2024, Plaintiff requested an extension of time regarding the pretrial deadlines, which Magistrate Judge Stewart granted. *See* Dkt. Nos. 27, 28. On April 2, 2024, the case was again stayed and referred to the Prisoner Mediation Program. *See* Dkt. No. 29. A settlement conference was held June 14, 2024, at which Plaintiff did not appear. *See* Text Minute Entry 06/14/2024. During the conference, counsel for Defendant Bombard informed the Court that she received mail from Plaintiff at an address other than the one listed on the Court's docket. *See id.* A status conference was scheduled for July 24, 2024, which Plaintiff did not attend. *See* Text Minute Entry 07/24/2024. Documents mailed to Plaintiff by the Court have been consistently returned as undeliverable. *See* Dkt. Nos. 34, 36, 37, 38, 39, 41, 42.

On September 13, 2024, Defendant Bombard moved to dismiss the case for Plaintiff's failure to prosecute. *See* Dkt. No. 43. Defendant Bombard served the motion on Plaintiff at two different addresses. *See* Dkt. No. 43-3. On October 22, 2024, Magistrate Judge Stewart issued a Report-Recommendation and Order recommending that the Court grant the motion. *See* Dkt. No. 44. Neither party has filed objections to the Report-Recommendation and Order. It was served on Plaintiff via regular mail and, as of the date of this Order, has not been returned as undeliverable.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Taylor v. Astrue*, 32 F. Supp. 3d 253, 261 (N.D.N.Y. 2012) (quotation and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court finds no clear error in Magistrate Judge Stewart's Report-Recommendation and Order. As he explained, Plaintiff has not had any contact with the Court since January 2024, and he has failed to update his mailing address. *See* Dkt. No. 44 at 3; Dkt. No. 27; *see also* N.D.N.Y. L.R. 41.2(a), (b) ("Whenever it appears that the plaintiff has failed to prosecute an action or

3

proceeding diligently, the assigned judge may order it dismissed. . . .  Failure to notify the Court of a change of address by counsel or *pro se* litigant within 14 days of a change in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action").  This case cannot proceed without Plaintiff's participation, and he was given notice that his case could be dismissed if he failed to comply with the Court's rules and orders.  *See* Dkt. No. 8 at 12.  The Court agrees with Magistrate Judge Stewart that dismissal of this action because of Plaintiff's failure to prosecute is the appropriate disposition.  *See Banks v. Racette*, No. 9:18-CV-319, 2019 WL 5653232, *3 (N.D.N.Y. Oct. 30, 2019); *Lynch v. Guido*, No. 9:15-CV-01234, 2017 WL 3397717, *2 (N.D.N.Y. June 28, 2017); *Montford v. Walsh*, No. 9:19-CV-1607, 2020 WL 4284135, *2 (N.D.N.Y. July 27, 2020).

    Accordingly, the Court hereby

    **ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 44) is **ADOPTED**; and the Court further

    **ORDERS** that Defendant's motion to dismiss (Dkt. No. 43) is **GRANTED**; and the Court further

    **ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

    **ORDERS** that the Clerk of the Court serve a copy of this Memorandum Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 18, 2024
       Albany, New York

*(signature)*
Mae A. D'Agostino
U.S. District Judge